UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-546-GWU

DWIGHT D. DEHART,                                                          PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

**INTRODUCTION**

Dwight Dehart brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

| | |
|---|---|
| 4. | Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d). |
| 5. | Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a). |
| 6. | Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e). |
| 7. | Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1). |

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

06-546 DeHart

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

06-546 DeHart

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Dehart, a 60 year-old former motor vehicle factory supervisor with a high school education, suffered from impairments related to a history of coronary artery disease.  (Tr. 13, 15).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 18-19).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Bill Ellis included an exertional limitation to medium level work along with such non-exertional restrictions as a need to avoid exposure to temperature extremes, humidity, or concentrated levels of pulmonary irritants such as gas, dust, fumes, or noxious odors.  (Tr. 246).  In response, the witness identified a significant number of medium level jobs in the national economy which could still be performed.  (Tr. 247).

Therefore, assuming that the vocational factors considered by Ellis fairly characterized Dehart's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

In determining Dehart's residual functional capacity, the ALJ relied upon the opinion of Dr. Jules Barefoot, an examining consultant. Dr. Barefoot noted a diagnostic impression of coronary artery disease, hypertension, and musculoskeletal pain. (Tr. 168). Physical examination results revealed no sign of clubbing, cyanosis or edema. (Tr. 167). The heart had a regular rate and rhythm without murmurs. (Id.). Focal motor or sensory deficits were not detected. (Tr. 168). Mild restriction was noted in range of motion of the lumbar spine but no such restrictions were found in the cervical spine, shoulders, hips, knees, wrists, ankles or elbows. (Tr. 168-169). An EKG revealed a normal sinus rhythm although with Q-waves present in the inferior leads indicating an old myocardial infarction. (Tr. 168). The only physical limitation reported by the physician was that the plaintiff's ability to do "significantly strenuous" work activities would be impaired. (Tr. 169). Dr. Barefoot indicated that such activities as sitting, standing, moving about, lifting, carrying objects, hearing, speaking, understanding normal conversation, and performing gross and fine manipulation would not be impaired. (Id.). The ALJ concluded that these restrictions would be compatible with performance of the limited range of medium level work presented in the hypothetical question. (Tr. 16).

Dehart was treated and examined by such sources of record as the staff at

06-546 DeHart

the Dukes Memorial Hospital (Tr. 115-134), Dr. Kenny Agnes (Tr. 135-155), the staff at Knox County Family Practice (Tr. 156-159), Dr. Rich Gross (Tr. 193), and Dr. Anantha Krishna (Tr. 213-219). None of these sources identified the existence of more severe physical restrictions than those found by the ALJ. Along with the opinion of Dr. Barefoot, these reports provide substantial evidence to support the administrative decision.

Dr. Timothy Gregg, an non-examining medical reviewer (Tr. 182-189), and possibly Dr. John Rawlings (Tr. 173-181), another reviewer,[1] indicated that Dehart would be limited exertionally to light level work. If these opinions had been credited by the ALJ, then a finding of disabled status would have been mandated by Rule 202.06 of the Medical-Vocational Guidelines based upon the plaintiff's advanced age, his lack of transferable skills, and his lack of education which provided for direct entry into skilled work as found by the ALJ. (Tr. 19). The administrative regulations note that while state agency consultants are highly qualified experts in the area of Social Security disability evaluation whose opinions the ALJ must consider, their opinions are not binding on the administration. 20 C.F.R. Section 404.1527(f)(2). In the present action, the ALJ considered the opinions of the state agency reviewers, but declined to give them controlling weight. (Tr. 16). The ALJ

---

[1] Exhibit 6f at pages 173-181 was neither signed nor dated. The Court presumes that it was completed by Dr. Rawlings due to notations from Dr. Gregg (Tr. 183) and on a Disability Determination and Transmittal form (Tr. 30) indicating that Dr. Rawlings had reviewed the record.

9

cited the lack of objective evidence indicated by the reviewers in support of their opinions, noting that the only reason cited for the restriction to light level work was a history of ischemic disease. (Id.). The ALJ was also concerned that the lack of objective evidence regarding physical restrictions, particularly indicated in the opinion of Dr. Barefoot, was not addressed by the reviewers. (Tr. 17). The Court finds these reasons sufficient for the ALJ to reject the opinions of the medical reviewers.

Dehart argues that the ALJ erred by failing to cite sufficient reasons for the determination that his credibility was poor. However, the ALJ cited a number of reasons for this conclusion, including the statement of Nurse-Practitioner B. Bargo of Knox County Family Practice that he was able to function and perform his own activities of daily living (Tr. 157), the fact that the plaintiff continued to smoke cigarettes against medical advice despite his allegations of heart problems and shortness of breath, and the lack of disabling restrictions identified by treating and examining medical sources (Tr. 16). The ALJ also noted that the claimant had declined to undergo a heart catheterization as a ground for rejecting him as a credible witness. (Id.). As a result of this decision, Dr. Gross could not perform a needed tonsillectomy to remove an enlarged and possibly cancerous tonsil because the claimant's heart problems might preclude his undergoing general anesthesia. (Tr. 193). Claimants are expected to follow prescribed treatment in order to receive benefits unless they have a good reason. <u>Awad v. Secretary of Health and Human</u>

06-546 DeHart

Services, 734 F.2d 288 (6th Cir. 1984). The plaintiff testified that he declined to undergo heart catheterization because he feared that the results might indicate that he needed to undergo open heart surgery. (Tr. 230). Since the heart catheterization would be diagnostic and he could decide at a later time whether or not to undergo open heart surgery should that procedure be medically indicated, the Court finds that this was not a good reason to decline the procedure. Failure to seek treatment for a period of time may be relevant to the ultimate decision on disability. Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1081 (6th Cir. 1987). Therefore, under these circumstances, the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of February, 2008.



Signed By:

*G. Wix Unthank*

**United States Senior Judge**